

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00345-CR

BRIAN SHAWN GILLEY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

## FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

----------

## OPINION

----------

### Introduction

Appellant Brian Shawn Gilley appeals his conviction for aggravated sexual assault of a child, contending that the trial court erred by excluding him and his counsel from an in-camera examination to determine whether the six-year-old complainant was competent to testify. We affirm.

## Background Facts and Procedural History

The complainant was a pre-kindergartner when she said to a teacher's aide at her school, "Ms. Land, my dad put a trash—plastic sack on my head and put his wiener in my mouth." Land reported the outcry to authorities; an investigation followed; and Appellant was charged, tried and convicted of aggravated sexual assault of a child.

The complainant was six years old when Appellant filed a pretrial motion asking the trial court to determine whether she was competent to testify. During a hearing on Appellant's motion, which was held before jury selection, the trial court listened to an audio recording of a child advocacy worker's interview with the complainant. After listening to the recording, the trial court believed that the complainant was competent and that an in-chambers examination would not be needed:

> Having listened to the audio tape, I don't think there's anything that can be added by a conference with the child in chambers. She certainly seemed to know the difference between right and wrong and punishment and good, was able to describe what I thought was a fairly good — or a good description of what it was she was attempting to describe in answering the questions directly.

Appellant informed the trial court that if it made a competency finding without having examined the complainant in chambers, he would lodge an objection based on rule of evidence 601:

> Rule 601 says children or other persons who after being examined by the Court appear not to possess sufficient intellect, to relate to transactions with respect to which they are interrogated, so I would

make an objection based upon that not being done according to the––to the procedure.

The trial court agreed to examine the complainant in chambers, using questions that had been prepared in advance by the parties:

> THE COURT: Well, I do not wish there to be any doubts so far as compliance with Rule 601, so I'll go ahead and speak with her in chambers. I have the questions from the State. Do you have your questions?
>
> MR. RASMUSSEN [for Appellant]: I do, Judge. And I've given the State a copy. And I — as I understand that then, you're thinking of using the same procedure that I had mentioned that Judge Fudge did in a previous case that we talked about? Is that — is that my understanding, Judge?
>
> THE COURT: I intend to have the Reporter in chambers with me when I talk to —
>
> MR. RASMUSSEN: Okay. All right.
>
> THE COURT: — to her at that time.

Appellant objected once more, citing the federal and state constitutions and the code of criminal procedure:

> MR. RASMUSSEN: And Judge, let me go ahead and make objection . . . to that procedure under the Sixth Amendment of the U.S. Constitution, Article 1, Section 10 of the Texas Constitution and Code of Criminal Procedure, Article 1.25, specifically that we're — we are not allowed to be present during that examination and also allowed to examine the — the child at that time.
>
> And I think the examination of the child is somewhat discretionary, but I think the right of confrontation would include our right to be present during that examination.
>
> THE COURT: Well, I think the examination of the child is highly discretionary because it's not even mentioned in the Rules, so . . . .

3

MR. RASMUSSEN: Right. But that — that would be my objection to the procedure . . . .

THE COURT: All right. Your objection is understood and it is overruled.

The trial court conducted the competency examination in chambers with only the complainant and the court reporter present. Afterward, the record reflects the following:

THE COURT: Okay. Be seated, please. Okay. Let the record reflect that I did spend some time in my office and — with [the court reporter], who was taking down all that was said at which time I had an opportunity to talk to [the complainant] and ask her questions of my own and also I selected some questions from those submitted by the State and those submitted by the Defendant.

I found from talking to her that under the Rules or under Rule 601, the Texas Rules of Evidence, that she is competent to testify. There — she left no doubt in my mind that she knows the difference between the truth and a lie and that she understands that there are penalties for telling lies and understands that telling the truth is the correct or the right thing to do, that that is what she has been taught. So she will be allowed to testify.

MS. JONES [for the State]: And Your Honor, just for the record, do you also find that she possesses sufficient intellect to relate the transactions with respect to what she was interrogated [sic]?

THE COURT: Yes, I do. I certainly do.

MS. JONES: Thank you, Your Honor.

MR. RASMUSSEN: And Judge, the [court reporter] has marked that interview that you listened to as Defendant's Exhibit A and I will make reference to that as a part of the record for this and renew my previous objection regarding the procedure and also ask that the Court grant me a running objection so I don't have to object when — when [the complainant] testifies.

THE COURT: Oh, okay. And your — just so it's real clear for the record, you're talking about your lack of right of confrontation.

MR. RASMUSSEN: Correct. Thank you, Judge. And — and —

THE COURT: Okay. You are granted a running objection on that.

MR. RASMUSSEN: Correct. And also, I would state, I don't know — of course, we weren't there, so I don't know what questions you asked and just an opportunity to review that at a later date when it gets typed up and submit any — if there's anything questionable there to prepare as part of a new trial hearing if it gets that far or whatever.[1]

THE COURT: Okay. All right. . . .

The parties conducted voir dire, and a jury was selected. Evidence was presented, including testimony from the complainant, whom Appellant subjected to cross-examination, and the jury convicted Appellant and assessed his punishment at thirty years' confinement.

The trial court sealed the record of the in-chambers competency examination, and despite Appellant counsel's stating to the trial court that he would like to review it, Appellant conceded that he did not do so. On our own motion, we have reviewed the sealed record.

---

[1]Appellant filed a motion for new trial, but the record does not indicate that he presented it to the trial court or that the trial court conducted a hearing on it. On its face, the motion does not appear to challenge the competency finding or the procedure the trial court used to make the finding. Appellant's counsel claims that he did not review the record of the in-camera proceeding because the trial court had it sealed. There is no motion to unseal in the clerk's record.

**Issues**

Appellant contends that by excluding him and his counsel from the in-camera competency hearing, the trial court violated his rights to attend a critical stage of the proceedings, confront a witness against him, and have the assistance of counsel in the process. He argues that the procedure violated rule of evidence 601, the Sixth Amendment to the United States Constitution, Article 1, Section 10 of the Texas constitution, and code of criminal procedure articles 1.25 and 33.03.

He also notes in his brief that code of criminal procedure article 28.01 requires the defendant's presence "during any pre-trial proceeding." Appellant did not, however, object based on article 28.01 in the trial court. The same goes for article 33.03. Apart from his earlier objection based on evidence rule 601, Appellant's objections in the trial court focused on his constitutional right to confront witnesses against him:

> And Judge, let me go ahead and make objection . . . to that procedure under the Sixth Amendment of the U.S. Constitution, Article 1, Section 10 of the Texas Constitution and Code of Criminal Procedure, Article 1.25, specifically that we're — we are not allowed to be present during that examination and also allowed to examine the — the child at that time.

It is not apparent from the context of Appellant's objection that, in addition to his complaint based on the confrontation clauses, he intended also to alert the trial court to the statutory requirements that he be present at all phases of trial. Consequently, Appellant's issue in this regard does not comport with the

objection he raised at trial, and we hold that he did not preserve a claim based on articles 28.01 and 33.03. *See Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). Accordingly, we do not address whether those statutes were violated by the procedure employed by the trial court in this case. *See* Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999).

The one code provision that Appellant urged in the trial court was article 1.25. As Appellant notes in his brief, it mirrors the confrontation clauses of the state and federal constitutions. However, as Appellant has not shown how it should be interpreted to afford him any greater protection than the constitutions, we neither consider whether it does, nor do we analyze his claim based on that provision of the code. *See Lagrone v. State*, 942 S.W.2d 602, 612 (Tex. Crim. App.) (declining to address claim of state constitutional error where appellant failed to provide the court with any distinction or reason that the Texas constitution provides greater protection than the Fifth Amendment), *cert. denied*, 522 U.S. 917 (1997). Consequently, what remain for this appeal are Appellant's claims based on the constitutional confrontation clauses and rule of evidence 601.

**The trial court did not violate Rule 601.**

When the trial court stated that it would find the complainant competent to testify after having listened to the audio of her interview with the child advocacy worker, Appellant said that he would make an objection based on rule 601. In

7

response, the trial court examined the complainant in chambers and found that she "possesses sufficient intellect to relate the transactions with respect to what she was interrogated." While there is nothing in the plain language of rule 601 that prohibits anyone other than the trial judge and the witness from the examination, there also is nothing in the plain language that compels that anyone else attend. The rule provides, in pertinent part, that children "who, *after being examined by the court*, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated" are incompetent to testify. Tex. R. Evid. 601(a)(2) (emphasis added).

Appellant points to rules of evidence 412, 508, and 705 as examples of other rules showing that "the promulgators of the Texas Rules of Evidence knew how to define and call for special procedures if they desired to do so." We agree. Rule 412, the "rape shield" rule, expressly calls for an in-camera hearing when a defendant on trial for sexual assault, aggravated sexual assault, or attempt of one of these offenses seeks to offer evidence of the complainant's prior sexual activity. Tex. R. Evid. 412; *see LaPointe v. State*, 166 S.W.3d 287, 291 (Tex. App.—Austin 2005, pet. dism'd). Rule 508 specifically allows the parties' and their counsels' presence during inquiries into the invocation of an official privilege not to disclose an informant's identity except during in-camera showings, from which the rule expressly excludes the parties and their counsel. Tex. R. Evid. 508(c). And rule 705 expressly permits the party against which an expert will

8

offer an opinion the opportunity to examine the expert outside the presence of the jury. Tex. R. Evid. 705.

But these examples do not bolster Appellant's argument. The court of criminal appeals has held that the word "hearing" in rule 412 implies an adversarial proceeding, which necessarily, requires the presence of adversaries. *LaPointe v. State*, 225 S.W.3d 513, 520 (Tex. Crim. App.), *cert. denied*, 552 U.S. 1015 (2007). The court distinguished rule 412's use of "hearing" from other rules' use of words contemplating that in-camera proceedings are intended to take place without the parties being present—words including "inspection," "review," "showing," "determination," and, in the case of rule 508, "disclosure." *Id*. at 518.

Unlike "hearing" in 412, rule 601's use of the word "examined," as in "examined by the court," does not imply an adversarial hearing. It is more like "inspection," "review" and "determination," all of which are used in rules that do not require the litigants' presence. *See id*. Further, rule 601's use of the words "examined by the court," as opposed to, say, "examined by the parties," is consistent with an interpretation that the rule does not require that the parties attend.

In sum, the fact that other rules expressly either require a hearing during which proffered evidence is explored (rule 412) or explicitly allow or exclude parties and counsel (rule 508) does not suggest that rule 601, which specifically names the trial court as the examiner, requires that the parties and their counsel also attend. The only two whose presence during a competency examination is

9

required by the plain language of rule 601 are the trial judge and the witness. Appellant has not convinced us that we should disregard the plain language of the rule and we see no reason why we should. From the record in this case it is apparent that the trial court complied with the plain language of the rule, and we so hold. Accordingly, to the extent Appellant urges that the trial court violated rule 601, that portion of his claim is overruled. *See* Tex. R. Evid. 601(a)(2).

**Confrontation**

Appellant also claims that his and his counsel's exclusion from the competency determination violated the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Texas constitution. Although he preserved claims based on both constitutions' confrontation clauses in the trial court, he has not argued that the state provision in Article 1, Section 10 provides any greater protection than its federal counterpart. Therefore, we analyze his appellate claim based solely upon the United States Constitution. *See LaGrone*, 942 S.W.2d at 612.

The Sixth Amendment's Confrontation Clause provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. This right is secured for defendants in state as well as in federal criminal proceedings. *Pointer v. Texas*, 380 U.S. 400, 403, 85 S. Ct. 1065, 1068 (1965). The Supreme Court has emphasized that "a primary interest secured by [the Confrontation Clause] is the right of cross-examination." *Douglas v. Alabama*, 380 U.S. 415, 418, 85 S. Ct.

10

1074, 1076 (1965). But the Confrontation Clause also encompasses the very basic right of a defendant to be present in the courtroom "at every stage of his trial." *Illinois v. Allen*, 397 U.S. 337, 338, 90 S. Ct. 1057, 1058 (1970). While the right to be present is rooted to a large extent in the Confrontation Clause of the Sixth Amendment, the right also has a due process component. *United States v. Gagnon*, 470 U.S. 522, 526, 105 S. Ct. 1482, 1484 (1985). Accordingly, it is not restricted to situations where the defendant is "actually confronting witnesses or evidence against him," but encompasses all trial-related proceedings at which a defendant's presence "has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." *Id*. (quoting *Snyder v. Massachussets*, 291 U.S. 97, 105–06, 108, 54 S. Ct. 330, 332, 333 (1934)).

The constitutional right to cross-examination is essentially a "functional" right designed to promote reliability in the truth-finding functions of a criminal trial. *Kentucky v. Stincer*, 482 U.S. 730, 737, 107 S. Ct. 2658, 2663 (1987). The cases that have arisen under the Confrontation Clause reflect the application of this functional right. *Id*. They fall into two broad, albeit not exclusive, categories: "cases involving the admission of out-of-court statements and cases involving restrictions imposed by law or by the trial court on the scope of cross-examination." *Id*.; *Delaware v. Fensterer*, 474 U.S. 15, 18, 106 S. Ct. 292, 294 (1985).

This case falls more into the second category because Appellant complains that he was denied the right to confront and cross-examine the

complainant. He argues that because witnesses are presumed competent, he had the burden to prove incompetency, but that he could not do so because he was denied his right to confront and cross-examine the complainant at "the only hearing that had a bearing on the subject [of competency]." Even if the in-camera examination had been a hearing, a proposition we have already rejected, it was not "the only hearing that had a bearing" on the complainant's competency because that issue is one that may be revisited throughout the entire trial, and in reviewing a trial court's ruling on the issue, appellate courts are free to examine the entire record of the witness's testimony. *See Davis v. State*, 268 S.W.3d 683, 700 (Tex. App.—Fort Worth 2008, pet. ref'd).

Here, Appellant did not ask the trial court to revisit its competency determination at any time during the trial—including after the complainant testified in front of the jury under both the State's direct and Appellant's cross-examination.

This last point also disposes of Appellant's claim that he was deprived of his right to cross-examination. In *Kentucky v. Stincer*, the defendant (but not his counsel) was excluded from an in-chambers hearing at which the trial court made a preliminary determination as to whether the two children who were the victims of the charged sex offense had sufficient understanding of their obligation to tell the truth and sufficient intellectual capacity to be competent to testify. 482 U.S. at 733, 107 S. Ct. at 2660. The Supreme Court initially noted that even though a particular hearing might be characterized as a "pretrial proceeding," it could still

12

be a "stage of trial" for Confrontation Clause purposes. *Id*. at 739, 107 S. Ct. at 2664. That was true of the competency hearing since it "determines whether a key witness will testify." *Id.* at 740, 107 S. Ct. at 2664. Under the circumstances of the case, however, the defendant's exclusion from the hearing did not interfere with his opportunity to confront the witness through cross-examination. *Id.* The questions asked at the competency hearing did not relate to the crime itself (but only to each child's general capacity to recall facts and distinguish between truth and falsehood), many of the background questions asked at the hearing were repeated at trial, the children were subject to "full and complete" cross-examination at trial, and the judge's preliminary ruling at the in-chambers hearing was subject to reconsideration in light of the witnesses' trial testimony. *Id.* at 740–41, 107 S. Ct. at 2664–65. In addition, the court held that the defendant's right of presence was not violated as defendant's personal participation in the limited hearing would not have borne "a substantial relationship to [the] defendant's opportunity better to defend himself at trial."[2] *Id*. at 746, 107 S. Ct. at 2667–68.

Here, with a couple of exceptions, the facts are similar to those in *Stincer*. The two exceptions are that counsel for Appellant was also excluded from the in-camera examination, and although the trial court did not ask the complainant

---

[2]The Court noted that there might have been such a relationship if the children had been asked in the competency hearing to discuss their "upcoming substantive testimony."

13

questions that related to the crime itself, in response to one question, whether her daddy was nice to her, the complainant responded, "Yes. Well, he put his wiener in my mouth." Although the trial court may have preferred, in hindsight, not to have asked the question to which that was the reply, we think that neither of these divergences from the facts in *Stincer* merit a different result than the Supreme Court arrived at in that case.

Although the complainant did divulge to the trial court the allegation upon which the charge was based, the trial court did not solicit the response and her response did not contain any more detail than what had been in her outcry statement, what was alleged in the indictment, and what she had already reported in the audiotaped interview with the child advocacy worker. This was not news to Appellant or his counsel, and could not have caused them surprise. Moreover, the jury in this case was the finder of fact, not the trial court. And the jury heard the complainant's testimony about the facts of the case only when it was subject to cross-examination by Appellant's counsel. Further, having examined the sealed record of the in-camera examination, we hold that with the possible exception of asking whether her daddy was nice to her, the questions the trial court asked at the competency examination did not relate to the crime itself but only to the child's general capacity to recall facts and distinguish between truth and falsehood. Many of these background questions asked in chambers were repeated at trial, the complainant was subject to "full and complete" cross-examination at trial, and the judge's preliminary ruling at the in-

14

chambers examination was subject to reconsideration in light of the complainant's testimony at trial. *See Davis*, 268 S.W.3d at 700. In addition, the due process component of Appellant's right of presence was not violated as Appellant has not shown that his personal participation in the limited examination would have borne a substantial relationship to his opportunity to defend himself at trial. *See Stincer*, 482 U.S. at 746, 107 S. Ct. at 2667–68.

Moreover, were we to hold here that the trial court erred, we would also hold that Appellant's and his counsel's exclusion from the examination bore no substantial relationship to their opportunity to defend. *See Adanandus v. State*, 866 S.W.2d 210, 219 (Tex. Crim. App. 1993), *cert. denied*, 510 U.S. 1215 (1994) (applying harmless error analysis to due process and Sixth Amendment claims). Furthermore, having reviewed the audio recording of the child advocacy worker's interview with the complainant, the record of the trial court's in-chambers examination of the complainant, and the entire record, including the complainant's testimony during both the State's direct examination and her cross-examination by Appellant, we hold that any error in excluding Appellant and counsel from the in-chambers examination did not contribute to Appellant's conviction or punishment and, therefore, was harmless beyond a reasonable doubt. *See* Tex. R. App. P. 44.2(a). Appellant's point is overruled.

15

## Conclusion

Having overruled Appellant's point on appeal, we affirm the judgment of the trial court.

LEE GABRIEL
JUSTICE

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.

PUBLISH

DELIVERED:  October 11, 2012