

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-13-00475-CR

PAUL WILLIAM PROVENCE                                                   APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

FROM COUNTY CRIMINAL COURT NO. 6 OF TARRANT COUNTY
TRIAL COURT NO. 1254463

----------

## MEMORANDUM OPINION[1]

----------

Appellant Paul William Provence appeals his conviction for driving while intoxicated (DWI).[2] In three issues, he argues that the trial court reversibly erred

----

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 49.04(a) (West Supp. 2014).

by denying his motion to suppress evidence on the basis of absent *Miranda*[3] warnings and by admitting an audio recording when it did not comply with article 38.22, section 3(a) of the code of criminal procedure.[4] Because appellant forfeited these complaints by not sufficiently raising them and by not obtaining rulings on them in the trial court, we affirm.

## Background Facts

In late June 2010, Amber Akers, an ambulance driver and emergency medical technician, drove on a highway in Arlington and noticed appellant driving a truck erratically, speeding, and changing lanes without a signal. The truck and ambulance came close to colliding several times. Eventually, the ambulance crew compelled appellant to stop. When he did, the crew determined that it was not safe to let him continue driving. With appellant's consent to being further evaluated by the ambulance crew, a firefighter drove appellant's car, with appellant in the passenger's seat, to a Wal-Mart parking lot.

Appellant had slurred speech and an unsteady gait, and he gave nonsensical answers to questions asked by the ambulance crew. The crew determined that appellant might be intoxicated but did not believe that the intoxication was related to drinking alcohol. Police arrived and asked appellant what was wrong with him; he said that he had a brain injury from a motocross

---

[3]*See Miranda v. Arizona*, 384 U.S. 436, 478–79, 86 S. Ct. 1602, 1630 (1966).

[4]*See* Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a) (West Supp. 2014).

2

accident, and he mentioned taking prescription drugs. Appellant failed field sobriety tests. A blood test taken later at a hospital showed that he had a high concentration of alprazolam.

The State charged appellant with DWI. Appellant filed a motion to suppress the results of a blood draw and a video recording of his detention in the Wal-Mart parking lot. The trial court held a hearing on the motion to suppress and denied it. Appellant pled not guilty. At trial, the court admitted a DVD depicting (by video and audio) what occurred after the police arrived at the Wal-Mart.[5] A jury found appellant guilty. The trial court assessed his punishment at 180 days' confinement but suspended imposition of the sentence and placed him on community supervision for twelve months. Appellant brought this appeal.

## The Forfeiture of Appellant's Complaints

In his first two issues, appellant argues that the trial court erred by denying his motion to suppress and by admitting the audio component of the DVD recording. With regard to the motion to suppress, which appellant discusses in his first issue, he argues that law enforcement's alleged failure to comply with *Miranda* requires suppression of any statements he made. Concerning the audio recording, appellant contends that an alleged failure to comply with article 38.22, section 3(a) of the code of criminal procedure required the recording's exclusion.

---

[5]In front of the jury, appellant objected to the admission of this DVD "because of the illegal stop and detention." Appellant also objected to the admission of another exhibit and to testimony on the basis of the alleged "illegal stop."

3

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013); *Sanchez v. State*, 418 S.W.3d 302, 306 (Tex. App.—Fort Worth 2013, pet. ref'd). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Everitt*, 407 S.W.3d at 263. And the request, objection, or motion presented at trial must comport with the argument raised on appeal. *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014), *cert. denied*, 135 S. Ct. 1158 (2015); *Gilley v. State*, 383 S.W.3d 301, 305 (Tex. App.—Fort Worth 2012), *aff'd*, 418 S.W.3d 114 (Tex. Crim. App.), *cert. denied*, 135 S. Ct. 57 (2014). Even constitutional issues may be forfeited for failure to object at trial. *See Yazdchi*, 428 S.W.3d at 844. A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

Relying on *Miranda*, appellant contends in his first issue that the trial court erred by not suppressing evidence because the ambulance crew and Arlington Police Department "violat[ed his] rights under the *Fifth Amendment to the United States Constitution.*" In his written motion, appellant did not cite either the Fifth Amendment or *Miranda*. Instead, he argued in part,

4

1. On or about June 19, 2010, the defendant's vehicle was stopped without a warrant, and his person was seized by an officer of the Arlington Police Department.

2. The defendant was taken to the hospital for a blood draw and months thereafter charged with Driving While Intoxicated, first offense.

[3]. The defendant was arrested without any reasonable suspicion that he was engaged in criminal activity. The evidence that will be offered by the [S]tate was not discovered pursuant to a reasonable investigative detention. The officer had no arrest warrant, there were no exigent circumstances, and there was no probable cause to believe the defendant was involved in criminal activity. The arresting officer's directions that the defendant conduct certain "field sobriety tests["] [were] not performed in accordance with standardized protocols for the administration of such tests and render[] any conclusions drawn from said tests meaningless. *This illegal stop and seizure* violates the defendant's rights under the *Fourth and Fourteenth Amendments to the United States Constitution, Article 1, Section 9 of the Texas Constitution, and Article 38.23 and Chapter 14 of the Texas Code of Criminal Procedure.*

. . . .

[5]. The defendant was stopped but the officer had no personal knowledge of any offense nor any reasonable suspicion [at the] time of the stop. As a result, certain evidence that the [S]tate will offer at trial was acquired without the defendant's voluntary consent, and the defendant did not intelligently, voluntarily, and knowingly consent to doing the field sobriety tests and/or to the videotaping of the field sobriety test at the scene of the arrest[.] The admission of the statements and acts of the defendant and also of the seized and derivative evidence would violate the defendant's statutory and constitutional guarantees. *See* the *Sixth and Fourteenth Amendments to the United States Constitution, Article 1, Section 10 of the Texas Constitution, Articles 1.05 and 1.27 of the Texas Code of Criminal Procedure, and Sections 724.011, 724.015, 724.031, 724.016, Tex. Transp. Code Ann.* . . . [Emphasis added.]

5

Several months later, appellant filed a brief in support of his motion to suppress, in which he argued that he had been improperly seized by the "ambulance crew" and that since he was in custody, he should have received *Miranda* warnings. He argued, "Because the Defendant was in custody and never given his *Miranda* rights and because police interrogated and [videotaped] Defendant without affording him his *Miranda* rights, the Defendant prays that the Honorable Court grant the Defendant's Motion to Suppress and suppress the fruits of said video . . . and blood draw." At a hearing on the State's motion for continuance of a hearing on the motion to suppress, appellant again cited *Miranda* as a basis of his motion.

Three months later, however, at the hearing on appellant's motion to suppress, he never mentioned *Miranda* or the Fifth Amendment as the grounds for his motion. Instead, at the beginning of that hearing, the following exchange occurred:

> THE COURT: . . . This is a motion to suppress only on the stop and the arrest of this Defendant; is that correct?
>
> [THE STATE]: Yes, Your Honor.
>
> THE COURT: And it is a warrantless arrest; is this correct?
>
> [THE STATE]: That's true, Your Honor. And just to talk about the scope more, my understanding was it's a unique stop. So the stop -- and I don't feel the motion would be -- it would be prudent to carry the motion through the probable cause to arrest if we're focusing on the stop. Is that my understanding of the motion?
>
> [DEFENSE COUNSEL]: Well, there's everything through because everything was obtained illegally *because the thing is the*

6

*stop, because it was basically a citizen's arrest. . . . And then the police, as you saw from watching the video, arrived afterwards. So depending on whether it's a detention or an arrest is the first thing -- well, first we need to determine if it was a legal stop, then whether it was a detention or arrest.* [Emphasis added.]

After the court received testimony from Akers, the State rested as to the suppression motion, and the following colloquy occurred between the trial court and defense counsel:

> THE COURT: [The State] is resting on the stop itself. Do you have any further evidence on the stop?

> [DEFENSE COUNSEL]: No, Your Honor. I will rest on the stop.

The parties then argued the merits of the motion, with appellant contending only that the ambulance crew improperly stopped appellant while he was driving. The court ruled on the record, "Motion to Suppress *on the stop* is denied."[6] [Emphasis added.] The trial court's conclusions of law did not mention the Fifth Amendment or *Miranda* but instead concerned Akers's authority to make a citizen's arrest.

Therefore, based on our careful review of the record, we conclude that appellant did not ultimately present an argument based on the Fifth Amendment and *Miranda* to the trial court for a ruling and that the trial court did not make such a ruling. Similarly, although appellant focuses on language within article 38.22 in his second issue, he did not argue article 38.22 as a ground for

---

[6]Furthermore, on the bottom of appellant's brief in support of his motion to suppress, the trial judge wrote, "Motion to Suppress – Denied on STOP."

exclusion of the audio recording at any time in the trial court. Thus, we hold that appellant forfeited these complaints, and we overrule his first two issues. *See* Tex. R. App. P. 33.1(a); *Yazdchi*, 428 S.W.3d at 844; *Reyes v. State*, 361 S.W.3d 222, 229–31 (Tex. App—Fort Worth 2012, pet. ref'd) (analyzing the protections afforded by the Fifth Amendment and article 38.22 and reciting that these protections are neither systemic nor absolute requirements that need not be preserved to be raised on appeal); *Banargent v. State*, 228 S.W.3d 393, 401–02 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd).

In his third issue, appellant complains that the alleged errors discussed in his first two issues call for reversal under the standards for constitutional and nonconstitutional harm. *See* Tex. R. App. P. 44.2(a)–(b). Because appellant forfeited the complaints raised in his first and second issues and because his third issue depends on the success of his arguments in his first and second issues, we overrule his third issue. *See id.*; *Peake v. State*, 792 S.W.2d 456, 459 (Tex. Crim. App. 1990) ("Since we have determined appellant failed to preserve any error for review, the court of appeals erred in addressing any harm from this alleged error.").

## Conclusion

Having overruled all of appellant's issues, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 2, 2015

9