# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00669-CR

**State of Texas, Appellant**

**v.**

**Marcus Tyler Scheffield, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2011-575, HONORABLE GARY L. STEEL, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

In this interlocutory appeal, the State challenges the trial court's pretrial order granting appellee Marcus Tyler Scheffield's motion to suppress statements that he made to a detective during the investigation. Scheffield's brief was due on March 11, 2013. On April 4, 2013, this Court sent Scheffield's court-appointed counsel, Manuel C. Rodriguez, notice that appellee's brief was overdue and that if he failed to file a brief by April 15, 2013, we would consider this appeal on the State's brief alone. We have not received a brief from Mr. Rodriguez.

Scheffield is entitled to effective representation at all critical stages of criminal proceedings, including this interlocutory appeal. *See generally Gilley v. State*, 418 S.W.3d 114, 120 (Tex. Crim. App. 2014) (discussing constitutional right to counsel that "extends to all critical stages of the criminal proceeding, not just the actual trial") (internal quotations omitted). Therefore, we

abate this appeal and remand this cause to the trial court to hold a hearing to determine whether Scheffield desires to respond to the State's interlocutory appeal and, if so, whether he is entitled to have substitute counsel appointed who will effectively represent Scheffield in this interlocutory appeal.[1]  Following the hearing, the trial court shall order the appropriate supplemental reporter's and clerk's records, including any order and findings, to be prepared and forwarded to this Court no later than September 30, 2014.

It is ordered September 9, 2014.

Before Chief Justice Jones, Justices Goodwin and Field

Abated and Remanded

Filed:   September, 9, 2014

---

[1]  Because we abate this appeal to allow the trial court to determine if Scheffield is entitled to have substitute counsel appointed, our order staying the trial court's proceedings is hereby lifted, pending reinstatement of this appeal in this Court.

2