**Opinion issued November 13, 2014**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-13-00997-CR**

———————————

**ABEL ALFRED MCVAY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 1372812**

**MEMORANDUM OPINION**

Appellant, Abel Alfred McVay, was charged by indictment with assault,

family violence, second offender.[1] Appellant pleaded not guilty. The jury found

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(A) (Vernon 2014); TEX. FAM.
CODE ANN. § 71.003 (Vernon 2014); TEX. GOV'T CODE ANN. § 573.024(a)(1)
(Vernon 2012).

him guilty, and the trial court assessed punishment at five year's confinement. In two issues on appeal, Appellant argues the trial court abused its discretion by (1) not allowing Appellant to conduct a voir dire examination of the child witness and (2) allowing another witness to testify about the child witness's credibility.

We affirm.

## Background

Appellant was charged with assaulting his wife. Their son, A.M.B., had witnessed the assaults. A.M.B. was seven at the time of the offense. He was eight at the time of trial.

Before it called A.M.B. to testify, the State called Officer R. Abdala, an officer with the Houston Police Department. Officer Abdala works in the family violence unit and spoke with Appellant's wife and son about the allegations of assault before charges were filed. During trial, the following exchange occurred:

Q:     . . . [D]id you speak to [A.B.M.]?

A:     Yes.

Q:     Did you conduct an interview with him?

A:     Yes.

Q:     In your experience and training, did you find him to be credible?

[Appellant's counsel]: Objection, Your Honor, hearsay.

The Court: Overruled.

2

Q:    You can answer.

A:    Yes.

Just before A.M.B. testified, the parties had the following exchange with the trial court:

> [The State]: Your Honor, I have some case law for you on the testimony of child testimony admissibility.
>
> The Court: How old is the child?
>
> [The State]: He was seven at the time, eight now.
>
> The Court: So what's the problem?
>
> [Appellant's Counsel]: We would like to question as to his competency, specifically to whether or not he spoke with his mom over the weekend.
>
> The Court: That's not an issue to take up in regards to competency. It may be an issue you want to take up on cross-examination, but competency is whether or not he knows the difference between right and wrong and telling the truth, and I would hope a seven and eight-year-old, you basically ask him if he knows what color is this, is it Y? No.
>
> [Appellant's Counsel]: Yes, sir, but it would be our assertion under the circumstances that competency does matter as far as him being able to tell the truth or not tell the truth in regards to the conversations he has had with his mother between the time that this allegedly happened and now, and specifically about between the time it happened and the eight to ten days later when he first had a conversation with the police.
>
> The Court: That's all cross-examination material.
>
> [Appellant's Counsel]: So the Court would disagree with me, that to determine first whether he --

3

The Court: Competency means whether or not he understands the testimony or what he's about to testify about, if he knows the difference between telling the truth and telling a lie. That's all I ever had to worry about when I became worried about competency of witnesses, not all the other stuff you're going to ask him about.

[Appellant's Counsel]: Well, the difference about -- in our opinion, the difference between him being able to tell the truth or not tell the truth has to do with whether he has been told to say something --

The Court: That goes to his credibility, not his competency.

[Appellant's Counsel]: Well, I'll respectfully disagree as far as the voir diring of the witness in the first place.

The Court: I don't see a need to voir dire an eight-year-old individual.

**Testimony about Credibility**

In his second issue, appellant argues the trial court abused its discretion by allowing another witness to testify about the child witness's credibility. The State argues that Appellant has not preserved this issue for appeal. We agree.

To present an issue for review on appeal, the complaining party must raise a timely objection before the trial court, state the grounds for objection with enough specificity to make the trial court aware of the complaint, and obtain a ruling. TEX. R. APP. P. 33.1(a). "The purpose of requiring the objection is to give to the trial court or the opposing party the opportunity to correct the error or remove the basis for the objection." *Martinez v. State*, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000).

4

To that end, the objection on appeal must comport with the objection at trial. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).

When the State asked Officer Abdala if he found A.M.B. to credible, Appellant objected on the grounds that the answer would be based on hearsay. *See* TEX. R. EVID. 801(d), 802. Appellant's complaint on appeal is that the answer exceeded the witness's authority to testify about another witness's credibility. *See* TEX. R. EVID. 608. These are distinct grounds for objection. Objecting to one ground does not preserve an objection to another. *See Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (holding objecting to one legal theory may not be used to support different legal theory on appeal).

We overrule Appellant's second issue.

**Voir Dire of Child Witness**

In his first issue, Appellant argues that the trial court abused its discretion by not allowing Appellant to conduct a voir dire examination of the child witness. Appellant explained to the trial court that he wanted to question A.M.B. about what conversations he had had with his mother prior to talking to the police and prior to testifying. The trial court denied the request, explaining it was not a proper subject-matter for voir dire.

## A.  Standard of Review

Under Rule 601(a)(2), the examination of the competency of children is determined based on an examination "by the court." TEX. R. EVID. 601(a)(2).  A trial court has discretion in determining whether to permit a party to also conduct a voir dire examination on the issue of competency and in ruling on that issue. *Watson v. State*, 596 S.W.2d 867, 871 (Tex. Crim. App. 1980) (holding "the issue of a witness's competency is generally a question for the trial court and its ruling in that regard will not be disturbed on appeal unless an abuse of discretion can be shown"); *see also* 1 GOODE, WELLBORN & SHARLOT, TEXAS PRACTICE: GUIDE TO THE TEXAS RULES OF EVIDENCE § 601.2 (3d Ed. 2002) (noting that at hearing on competence of witness, the witness may be questioned by the court or the parties and that the question of competency is "a question for the trial court under Rule 104(a)" and is reviewed for an abuse of discretion).  Accordingly, any authority to conduct a voir dire examination of a witness must rest within the discretion of the court.  A trial court does not abuse its discretion unless the "ruling was so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).

## B.  Analysis

Every witness is presumed to be competent to testify. TEX. R. EVID. 601(a). A child witness is not competent to testify, however, if the child "appear[s] not to

possess sufficient intellect to relate transactions with respect to which they are interrogated." TEX. R. EVID. 601(a)(2). In addition to "gauging the sufficiency of the child-witness's cognitive ability to relate relevant facts . . . a trial court may also inquire whether the child-witness possesses the capacity to appreciate the obligations of the oath [to tell the truth while testifying]—or can at least distinguish the truth from a lie." *Gilley v. State*, 418 S.W.3d 114, 121 (Tex. Crim. App. 2014). A child witness's competency "is a preliminary question for the trial court to determine under Rule 104(a) of the Texas Rules of Evidence." *Id.* (citing TEX. R. EVID. 104).

Appellant explained to the trial court that he wanted to question A.M.B. about what conversations he had had with his mother prior to talking to the police and prior to testifying. While these questions may be relevant to whether A.M.B. was coached, pressured, or manipulated into lying, they are not relevant to whether A.M.B. has the capacity to relate the relevant facts, to understand his obligation to testify truthfully, or to distinguish the truth from a lie. *See id.* Accordingly, they are not relevant to the pre-testimony inquiry of competency. We hold that the trial court did not abuse its discretion by denying Appellant's request to conduct a voir dire examination of A.M.B.

We overrule Appellant's first issue.

## Conclusion

We affirm the judgment of the trial court.


Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

8