

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0324-17

## THE STATE OF TEXAS

**v.**

## ROGER ANTHONY MARTINEZ, Appellee

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE THIRTEENTH COURT OF APPEALS
## VICTORIA COUNTY

**YEARY, J., filed a concurring opinion.**

## <u>CONCURRING OPINION</u>

The first time we saw this case (hereinafter, "first submission"), the issue was "whether the facts and circumstances within an arresting officer's knowledge at the time of arrest may be shown, by implication, through the testimony of other officers who were present at the scene of the arrest." *State v. Martinez*, No. PD-1337-15, 2016 WL 7234085, at *1 (Tex. Crim. App. Dec. 14, 2016) (not designated for publication). In a plurality opinion that I authored for the Court, we held that: 1) if the trial court found the testimony of Officers

Javier Guerrero and Timothy Ramirez credible, 2) if it believed their testimony about Appellee's apparent intoxication, and 3) if it also found that Officer Patrick Quinn was present to witness the same observations that Guerrero and Ramirez did, then 4) there existed a factual basis from which the trial court could conclude that Quinn had probable cause to arrest Appellee. *Id.* at *5. Because the concurring opinion agreed that a remand was appropriate so that the trial court could enter supplemental findings of fact and conclusions of law, that is what we did. *Id.* at *8 & *9.

The case has now returned to us following additional proceedings in the trial court and another appeal. The Majority today holds that "the sum total of the knowledge of" the three officers—the two officers who were available to testify at the suppression hearing (Guerrero and Ramirez) and the arresting officer (Quinn) who was not—amounts to probable cause under the "collective knowledge doctrine." Majority Opinion at 13. This conclusion relies on essentially the same inferences we recognized in our opinion on first submission. *Martinez*, 2016 WL 7234085, at *8. Judge Newell's Concurring Opinion today suggests that, because the Majority now reverses the court of appeals under the collective knowledge doctrine instead of on the trial court's findings after remand, our initial opinion was superfluous and tantamount to micro-managing. Concurring Opinion at 2. But the Majority's reasoning and the reasoning found in our plurality opinion on first submission—which was rooted in the notion that circumstantial evidence, *if* believed, would support a probable cause

finding—are very similar. Had the trial court, on remand, found that Quinn was present when the other officers made their observations about Appellee, the court today could have reached the same result it does, but under our original reasoning.

In its supplemental findings on remand, the trial court found that Guerrero and Ramirez were credible and that their testimony was accurate. The only reason the Court could not resolve this case today under our original, circumstantial evidence approach is that the trial court did *not* find that Quinn was actually present at the time Guerrero and Ramirez observed Appellee's apparent intoxication. And because the trial court failed to find that Quinn was present, it must have found that Quinn did not have the same information about Appellee's apparent intoxication that Guerrero and Ramirez had, and thus it concluded that Quinn did not have probable cause to arrest Appellee.

In concluding today that the arrest was nevertheless justified by probable cause, the Majority resorts to the collective knowledge doctrine to impute Guerrero and Ramirez's knowledge of Appellee's apparent intoxication to Quinn. In doing so, the Majority acknowledges that the three officers "were responding to the same call, all were present at the scene, all had some degree of communication with Appellee, and all were present at the time of arrest." Majority Opinion at 8. Had the trial court found that Quinn was also present when the other two officers observed Appellee's intoxicated state, there would be no need to deploy the collective knowledge doctrine—the circumstantial evidence approach we took

on first submission would have supported a conclusion that probable cause existed.

Many of the inferences the Majority relies on today would be equally applicable under our first-submission circumstantial evidence approach. The Majority cites the testimony of Guerrero and Ramirez that Appellee appeared to be intoxicated. Ramirez testified that Appellee exhibited "slurred speech, a swayed stance, and his eyes were red and glassy[,]" and Guerrero testified "that he could smell alcohol from Appellee's breath and that Appellee had trouble standing and was swaying."

To demonstrate that the State carried its burden to show probable cause as to the second element of public intoxication—that Appellee posed a risk to himself or another—the Majority cites the testimony of Guerrero and Ramirez. They testified that the bar parking lot where Appellee was arrested is located near a busy highway that often has heavy traffic. On that basis, the Majority concludes that because probable cause "was clearly established" for Guerrero and Ramirez, and these two officers were working in cooperation with Quinn, probable cause existed for Quinn to arrest Appellee—under the collective knowledge doctrine. Majority Opinion at 13.

This line of reasoning is not so different from what we said in our opinion on first submission. In that opinion, we held that circumstantial evidence, if believed by the trial court, could provide probable cause for Quinn to arrest Appellee. *Martinez*, 2016 WL 7234085, at *8. The existence of probable cause, we said, did not hinge on Quinn's

availability to testify at the suppression hearing—the trial court was free to believe the testimony of Guerrero and Ramirez regarding Appellee's intoxication and the risk he posed to himself and others. *Id*. at *4–5. We further held that, based on the circumstantial testimony of the two officers working in cooperation with Quinn, the trial court was free to believe that probable cause existed for Quinn to arrest Appellee. *Id*. at *7.

It is simply incorrect to say that the approach in our plurality opinion on first submission was "wrong" or "unnecessary." Concurring Opinion at 2. The plurality opinion never said that the trial court was *required* to believe the testimony of Guerrero and Ramirez, or *required* to find that Quinn was also present to observe Appellee's apparent intoxication, or *required* to conclude on that basis that Quinn had probable cause to arrest Appellee. Instead, the plurality opinion held only that the trial court was free to do so—and that, if it did, there was in fact a basis to find probable cause. That made remand necessary so that the trial court could fulfill its institutional role as fact-finder. *See State v. Cullen*, 195 S.W.3d 696, 698 (Tex. Crim. App. 2006) ("[C]ourts of appeals should not be forced to make assumptions (or outright guesses) about a trial court's ruling on a motion to suppress evidence. *De novo* review of such a ruling does not resolve this issue because the trial court is still in the best position to judge the credibility and demeanor of the witnesses at a pretrial suppression hearing. Instead, the proper solution to this problem is to require the trial court to enter findings of fact and conclusions of law when ruling on a motion to suppress

evidence."); *State v. Elias*, 339 S.W.3d 667, 677 (Tex. Crim. App. 2011) (holding, consistently with *Cullen*, that a remand for additional findings of fact was appropriate in order to "assure that appellate review of the legality of the initial stop will be based upon the actual findings of the judicial entity to which the fact finding function is institutionally assigned—the trial court").

It is only because the trial court ultimately refused—which was its institutional prerogative—to infer that Quinn was also present when the other two officers made their observations about Appellee that the Majority must now utilize the collective knowledge doctrine. That does not mean it was in any way inappropriate—indeed, it was manifestly the proper approach—to remand this case and give the trial court the opportunity to make additional findings in light of the circumstantial evidence approach we laid out in the plurality opinion on first submission.

Indeed, the court of appeals has still not addressed the collective knowledge doctrine. This was not a surprise on first submission, because the State had not raised it in its brief in the court of appeals. The State raised the collective knowledge doctrine only for the first time on discretionary review following the court of appeals' first opinion. Because this Court usually addresses only actual "decisions" of the courts of appeal, *Davison v. State*, 405 S.W.3d 682, 691 (Tex. Crim. App. 2013), it is more than understandable that the plurality opinion would relegate its discussion of the collective knowledge doctrine to a footnote.

*Martinez*, 2016 WL 7234085, at *7 n.11. The State then raised the issue in its brief to the court of appeals after remand, but the court of appeals failed to address it. *State v. Martinez*, No. 13-15-00069-CR, 2017 WL 2200298 (Tex. App.—Corpus Christi July 27, 2017).

Typically, when a court of appeals fails to address an argument that is necessary to its disposition of the appeal, our practice is to remand to that court for further consideration rather than for this Court to address the merits of the argument in the first instance. *McClintock v. State*, 444 S.W.3d 15, 20 (Tex. Crim. App. 2014). But we will sometimes reach the issue for the first time on discretionary review, in the interest of judicial economy, when the proper disposition of the outstanding issue is clear. *Gilley v. State*, 418 S.W.3d 114, 119 (Tex. Crim. App. 2014). Because the Court's opinion satisfies me that the proper disposition is clear, I am content to join its opinion today, rather than remand the cause a second time. I object only to the suggestion in the Concurring Opinion that there was anything inappropriate in the way the plurality opinion disposed of the case on first submission.

With these added remarks, I too join the Court's opinion.


FILED:              January 9, 2019
PUBLISH