

# In the Court of Criminal Appeals of Texas

No. PD-0164-22

DARREN TRAMELL HUGHES, *Appellant*

v.

THE STATE OF TEXAS

On State's Petition for Discretionary Review
From the Fourteenth Court of Appeals
Harris County

YEARY, J., filed a dissenting opinion.

As the Court today acknowledges, Appellant's only legal basis for contending on direct appeal that he was deprived of his right to be present in the courtroom during the hearing on the motion to adjudicate

was the Fourteenth Amendment's Due Process Clause. U.S. CONST. amend. XIV; Majority Opinion at 1, 21. Appellant did *not* rely on the Confrontation Clause of the Sixth Amendment. U.S. CONST. amend. VI. The court of appeals seems to have resolved the issue in Appellant's favor, however, under the Confrontation Clause rather than the Due Process Clause. *See Hughes v. State*, 651 S.W.3d 461, 470 (Tex. App.— Houston [14th Dist.] 2022) ("[U]nder the circumstances of this particular case, the trial court violated Appellant's Sixth Amendment right to be present to confront and cross-examine witnesses."). For that reason, the Court today *dismisses* the only ground for review raised in the State's petition for discretionary review (PDR). Majority Opinion at 22.[1]

The Court nevertheless proceeds to resolve the due process issue on its own. *Id*. at 23−26. It is unclear to me how the Court deems itself authorized to do so, having essentially dismissed the State's entire PDR and having failed at any point to grant discretionary review on its own motion. *See* TEX. R. APP. P. 66.1, 67.1 (empowering this Court to grant discretionary review of a court of appeals' "decision . . . on its own

---

[1] The State's only ground for review states:

> The Fourteenth Court erred by holding that the Sixth Amendment Confrontation Clause applied to probation revocation proceedings. This holding conflicts with published holdings from four Texas courts of appeals and nine federal circuit courts, and with the federal Supreme Court's explicit statement that revocation proceedings are not "criminal prosecutions."

State's Brief on the Merits at 18. Technically speaking, this case does not involve a revocation of regular community supervision, but an adjudication hearing following deferred adjudication community supervision.

initiative"). Moreover, this Court does not ordinarily grant discretionary review, in any event, to examine issues that were not decided by the court of appeals. *See Davison v. State*, 405 S.W.3d 682, 691 & n.54 (Tex. Crim. App. 2013) (compiling cases). To this procedural free-for-all, I respectfully dissent.

**First:** I agree with the Court that Appellant's brief in the court of appeals relied upon due process, not confrontation, as his underlying legal theory for arguing a right to be present in the courtroom. Majority Opinion at 1, 21; s*ee* Appellant's Brief on Appeal at 4−8. It is true that his statement of the first point of error on appeal does not identify the source for his asserted right to be present. But pervasively within his arguments under that point of error are allusions to "due process"; and missing is any mention of confrontation. In fact, the only mention of the Sixth Amendment is in the context of an analogical argument, in which he contends that, like the right to be present under the Confrontation Clause, the right to be present guaranteed by *due process* is not subject to principles of forfeiture. Appellant's Brief on Appeal at 6−7 (providing "*see*" cites to two courts of appeals opinions that have held that the right to be present under the Confrontation Clause "cannot be forfeited" by failure to object at trial).[2] After due consideration, I am convinced that such an allusion does not serve to independently raise a confrontation issue; and even if it did, it would render the point of error objectionable as multifarious. *See Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App.

---

[2] *Hayes v. State*, 516 S.W.3d 649, 656 (Tex. App.—Houston [1st. Dist.] 2017, pet. ref'd); *Kessel v. State*, 161 S.W.3d 40, 45 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

2010) ("Because appellant bases his single point of error on more than one legal theory, his entire point of error is multifarious.").

**Second:** I likewise agree with the Court that the court of appeals reversed Appellant's conviction because it "found [that] Appellant's Confrontation Clause-based right to be present was violated[.]" Majority Opinion at 7. And then, the State's only ground for review in this case contested the applicability of the Confrontation Clause to proceedings involving motions to revoke deferred adjudication community supervision and adjudicate guilt. Because that was not the true issue in the case as raised in Appellant's brief on appeal, the Court concludes, that issue need not be addressed. *Id.* at 8, 22. The Court therefore *dismisses* that ground for review. *Id.* at 22.

But, if the State's only ground for review has been dismissed, then by what authority does the Court declaim further? It has not granted discretionary review on its own initiative to address any other matter in the case, as it is authorized to do under Rules 66.1 and 67.1 of the Rules of Appellate Procedure. TEX. R. APP. P. 66.1, 67.1. And the parties have not briefed the issue the Court resolves. So, what more is there to write about?

The Court nevertheless *does* go on to address the merits of Appellant's true argument on appeal, that his Due Process Clause right to be present was violated. In fact, it not only decides that Appellant's due process right *was* violated, but it also goes on to conduct a harm analysis, Majority Opinion at 26−29—even though the State's PDR did not take issue with the court of appeals' harm analysis. Presumably the Court re-addresses harm *sua sponte* because, unlike the court of

appeals, the Court today finds error under the Due Process Clause, not the Confrontation Clause. But, in my view, it is inappropriate for the Court to presently address the merits of these issues.

**Third:** Ordinarily, in our discretionary review capacity, this Court reviews only "decisions" of the courts of appeals. *E.g.*, *Davison*, 405 S.W.3d at 691; *Gilley v. State*, 418 S.W.3d 114, 119 (Tex. Crim. App. 2014). Here, however, the court of appeals has yet to render a "decision" with respect to whether Appellant's due process right was violated. When the proper disposition of an as-yet-undecided issue is clear, we will sometimes make an exception to the rule. *Gilley*, 418 S.W.3d at 119. But the Court today does not invoke that exception.

Instead, the Court invokes a trio of cases that are not on point. Majority Opinion at 22–23. The Court cites *Hernandez v. State*, 939 S.W.2d 173, 179 (Tex. Crim. App. 1997), *Loesch v. State*, 958 S.W.2d 830, 832 n.2 (Tex. Crim. App. 1997), and *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003), for the proposition that we can review issues not yet decided by the courts of appeals—essentially, at our unfettered discretion. *Id*. But those cases are procedurally distinguishable, and do not support the proposition the Court suggests they do. In each of those cases—*Hernandez*, *Loesch*, and *Wallace*—the Court reviewed the decision of the court of appeals and determined that they had reached their decisions under an inappropriate standard. The question then became whether this Court should remand the case to the lower court to *re*-decide the *same* issue, utilizing what we had determined to be the right standard, or instead proceed to resolve the issue ourselves, in the interest of judicial economy, on discretionary review, using the correct

standard. In that context, we concluded that remand was a matter of our own best judgment.

But that is not the situation in this case. Here, the court of appeals did not apply the wrong standard in deciding an issue. It decided the *wrong issue.* It failed to render a decision—at all—on Appellant's due process claim. The Court fails to offer a convincing reason why we should not send the case back to the court of appeals, in keeping with our ordinary practice. "[O]ur resolution of the issue (if any should even be necessary after a remand) would benefit from a carefully wrought decision from the court of appeals." *McClintock v. State*, 444 S.W.3d 15, 21 (Tex. Crim. App. 2014).

The Court's opinion offers some interesting insights into the due process issue, and Appellant may very well prove to be entitled to a new trial in this case, eventually. But we should leave that determination to the court of appeals in the first instance, subject to further discretionary review down the line. I would not reverse the trial court at this juncture. Because the Court does so, I respectfully dissent.

**FILED:**
**PUBLISH**

May 22, 2024